IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DALE J. MONTPELIER, SR.<br><br>    Plaintiff<br><br>v.<br><br>JOHN-JANE DOE,<br><br>    Defendant. | Civil Action No.: 3:23-cv-001<br><br>JURY DEMAND |

## COMPLAINT

COMES the Plaintiff, DALE J. MONTPELIER, SR., and sues the as-yet unknown Defendant, JOHN-JANE DOE, and would show this Honorable Court as follows:

### I. PRELIMINARY STATEMENT

1. This action arises from Defendant's actions against the Plaintiff in violation of the Stored Communications Act, 18 U.S.C. § 2701 *et. seq.*, and related Tennessee state law stemming from the "Facebook" social media platform. Specifically, Defendant intercepted the stored Facebook password for the undersigned's account, changed it, and uploaded illegal material, which caused Facebook's system to immediately suspend, and later permanently ban Plaintiff's account.

### II. JURISDICTION AND VENUE

2. The matter in controversy involves questions of federal law, giving the Court original jurisdiction of this action pursuant to 28 U.S.C. § 1331.

3. In the alternative, the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states, giving the Court original subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).

4. The matter in controversy also involves ancillary claims that form part of the same case or controversy as that claim which is within the original jurisdiction of the Court. This Court has supplemental jurisdiction of such ancillary claims pursuant to the provisions of 28 U.S.C. § 1367.

5. Venue is proper with this Court pursuant to 28 U.S.C. § 1391(b) in that the Internet interception by the Defendant targeted the undersigned located in Knox County, Tennessee, thereby making the Eastern District of Tennessee a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

### III. PARTIES

6. Plaintiff is a citizen and resident of Knox County, Tennessee.

7. Defendant is an as-yet unknown male or female individual who resides in Tampa, Hillsborough County, Florida.

8. Plaintiff would show that he made a good faith attempt to identify Defendant prior to filing suit by contacting META PLATFORMS, INC. F/K/A FACEBOOK to determine the IP address used to intercept and change the password. The Facebook system is completely automated, designed such that no customer can ever reach a living person. Plaintiff therefore identified the actual location of Facebook's general counsel through the state bar of California, being Jennifer G. Newstead, Esq., Vice President and General Counsel, 1601 Willow Road, Menlo Park, California. A letter was sent to Ms. Newstead seeking a resolution; the letter was ignored by her and Facebook.

9. Plaintiff will identify Defendant John-Jane Doe and substitute the actual person (or persons) by serving a subpoena *duces tecum* upon META PLATFORMS, INC. F/K/A FACEBOOK to identify the IP address which intercepted and changed the password, and to obtain other necessary information and documents to facilitate litigation of this case, followed by one or more subpoenas *duces tecum* to identify the person (or persons) associated with the IP address, with motion practice

-2-

Case 3:23-cv-00001-KAC-DCP    Document 1    Filed 01/01/23    Page 2 of 7    PageID #: 2

pursuant to Fed.R.Civ.P. 45(f), to the extent necessary, in the U.S. District Court for the Central District of California, the U.S. District Court for the Middle District of Florida, and/or any other applicable U.S. District Court(s) in the event any such motions are not transferred to this Court.

10. Plaintiff reserves the right to amend this Complaint, with leave of the court if necessary, to name and/or substitute as defendants any other persons or legal entities which may be discovered to be responsible for the wrongful conduct alleged herein, including but not limited to META PLATFORMS, INC. F/K/A FACEBOOK based on such facts as may develop through discovery.

### IV. FACTS

11. Plaintiff is an attorney-at-law licensed in California, New York, and Tennessee, and is a board-certified civil practice advocate by the National Board of Trial Advocacy. Plaintiff owns and operates a law practice in Knoxville, Tennessee, known as MONTPELIER LAW GROUP.

12. Neither Plaintiff nor his law firm engage in any advertising whatsoever. All clients are obtained through "word of mouth" from former clients, friends, fellow attorneys, judges, and, as applicable in this case, through Plaintiff's individual non-business former Facebook account.

13. Plaintiff owns a female Red Kangaroo named Kira, and a male Agile Wallaby named Wally. True and correct photos of those marsupials are submitted as *Exhibit 1*, Doc. 1-1, and true and correct samples of the Facebook posts related to them that were fortuitously saved are submitted as EXHIBIT 2, Doc, 1-2. For further reference, an article on Kira appeared in the August 2022 issue of DICTA, and an article on Wally appeared in the November 2020 issue of DICTA, being the publication of the Knoxville Bar Association.

14. Upon information and belief, Kira and Wally are the only known marsupials residing in East Tennessee, there being none at the Knoxville Zoo. They therefore attract considerable attention from the public based directly on Plaintiff's Facebook posts. The use of the marsupials to

-3-

Case 3:23-cv-00001-KAC-DCP   Document 1   Filed 01/01/23   Page 3 of 7   PageID #: 3

identify the undersigned as a unique attorney further included new coverage; Wally was the object of a news segment that started locally, went national, and ended up going international. Both Wally and Kira have also been invited guests to multiple courts, including an invitation for Kira to visit the Tennessee Court of Appeals based directly on the posts appearing on the Facebook account.

15. Upon information and belief, Plaintiff had the Facebook account in issue since 2007. That account had over 3,000 "Friends" including one Tennessee Supreme Court justice, one Tennessee Court of Appeals judge, various other judges, voluminous attorneys, as well as Tennessee state lawmakers. What made the account unique with such a wide base of exposure such that it was capable of generating "word of mouth" referrals was that it was devoted virtually exclusively to marsupials, both generally and those specifically owned by Plaintiff.

16. The number of posts was in the thousands, virtually all of which are lost and incapable of being recreated due directly to the intentional and malicious actions of the Defendant because META PLATFORMS, INC. F/K/A FACEBOOK refuses to communicate, let alone restore the account.

17. At 4:12 a.m. on November 22, 2022, while Plaintiff was sleeping, the email submitted as *Exhibit 3*, Doc. 1-3, Email No. 1 was received from Facebook. It stated that the password on the account had just been changed by a person located somewhere near Tampa, Florida, being the Defendant. The Facebook system was defective in that it did not recognize that a person in Florida was changing the password for an account situated in Tennessee.

18. Minutes later at 4:17 a.m., another email was received from Facebook, *Exhibit 3*, Doc. 1-3, Email No. 2. That email stated that Plaintiff's account was suspended because it did not meet Facebook's nebulous "Community Standards." The Facebook system was again defective in that it did not recognize that the password was changed minutes before the account was suspended, and minutes before apparently unlawful material was uploaded by the Defendant to the account.

-4-

19. The illusory "appeals" process established by Facebook consisted of clicking a link, albeit one that did not offer any opportunity whatsoever to provide any kind of explanation. The process and result is set forth in *Exhibit 3*, Doc. 1-3, Email No. 3. The "appeal" was summarily denied, for which Facebook stated that the decision was "final" and no information as to the reason would be provided. As noted *supra*, a letter was then sent to the general counsel for the company, which was summarily ignored. Accordingly, Plaintiff has done everything possible to mitigate damages and avoid this and any subsequent lawsuit stemming from the permanently banned account.

20. Whatever was done in the intervening five (5) minutes had to be horrific to warrant permanently banning the account. Upon information and belief after consulting with an expert, it was child pornography. It is currently unknown if META PLATFORMS, INC. F/K/A FACEBOOK reported the matter to law enforcement and, if not, the company was complicit in the crime such that the "safe harbor" provision of applicable federal law would not be a defense.

21. While the precise method has not yet been determined, the only way the password on the Plaintiff's account could have been changed by the Defendant, located in Florida, is if the Defendant knew the existing password, and it could only have been obtained by accessing and capturing the stored password through some nefarious system or program over the Internet.

22. At no time did Plaintiff authorize or consent to the capturing or use of the password for his Facebook account.

## V. CAUSES OF ACTION

23. The allegations set forth in ¶¶ 1 through 22 are incorporated herein by reference.

24. **Federal Claim.** Defendant knowingly, intentionally, and wilfully accessed and obtained the stored Facebook password associated with the Plaintiff's Facebook account without authorization or consent, in violation of 18 U.S.C. § 2701.

25. **First State-Law Claim.** Defendant intentionally and without authorization intercepted Plaintiff's private electronic communications in violation of Tenn. Code Ann. § 39-13-601(a)(1)(D), being a Class D felony under Tenn. Code Ann. § 39-13-602, for which Plaintiff seeks damages pursuant to Tenn. Code Ann. § 39-13-603(a).

26. **Second State-Law Claim.** Defendant intentionally utilized Plaintiff's private electronic communications knowing or having reason to know that the information was obtained through the unlawful interception of an electronic communication such conduct was illegal, or reasonably should in violation of Tenn. Code Ann. § 39-13-601(a)(1)(A), being a Class D felony under Tenn. Code Ann. § 39-13-602, for which Plaintiff seeks damages pursuant o Tenn. Code Ann. § 39-13-603(a).

27. **Third State-Law Claim.** The actions of the Defendant in changing the password, thereby taking complete dominion and control over the property of the Plaintiff, being the Facebook account, to the exclusion of the Plaintiff, constitutes conversion.

28. **Damages.** As the direct and proximate result of the conduct of Defendant as alleged herein, Plaintiff has suffered actual, consequential, and incidental damages in an amount according to proof, but in no case less than the statutory damages to which Plaintiff is entitled pursuant to 18 U.S.C. § 2707(c) and Tenn. Code Ann. § 39-13-603(a).

29. **Punitive Damages.** The wrongful acts of Defendant as alleged herein were willful and malicious and Plaintiff is therefore entitled to and seeks an award of punitive damages pursuant to 18 U.S.C. § 2707(c) and Tenn. Code Ann. § 39-13-603(a)(2).

*(The remainder of this page intentionally left blank)*

**WHEREFORE**, Plaintiff prays:

  A. That this Court exercise jurisdiction over this matter;

  B. That the Court permit discovery to commence notwithstanding the limitation set forth in Fed.R.Civ.P. 26(d)(1), which relief Plaintiff will seek in an appropriate motion;

  C. That the Court permit the substitution of the actual person or persons in place of John-Jane Doe, and cause process to issue accordingly;

  D. For judgment against Defendant for compensatory, consequential, and incidental damages in the amount of Seventy-Five Thousand Dollars ($75,000.00), or such other amount that may be decided by a jury based on the evidence;

  E. For an award of punitive damages pursuant to applicable law;

  F. For pre- and post-judgment interest, costs, expert witness fees, and attorneys' fees, to the extent permitted by applicable law;

  G. For a trial by jury; and,

  H. For such other and further relief to which Plaintiff may be entitled.

Respectfully submitted this 1st day of January, 2023.

      /s/ Dale J. Montpelier, Sr.
      Dale J. Montpelier, BPR # 17125
      MONTPELIER LAW GROUP
      9050 Executive Park Dr., Ste. A-107
      Knoxville, Tennessee 37923
      Telephone: (865) 673-0330

      Plaintiff